# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| LYNDON MORRISON, <br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL UNION SECURITY, <br> POLICE, AND FIRE PROFESSIONALS <br> OF AMERICA, <br> Defendant. | Civil Action No. 13-cv-01146-AW |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim. Doc. No. 15. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion will be GRANTED.

**I. BACKGROUND**

Plaintiff Lyndon Morrison brings this action against International Union, Security, Police and Fire Professionals of America ("SPFPA") pursuant to the Labor Management Relations Act, 29 U.S.C. § 185(a), alleging that the union breached its duty of fair representation when it failed to pursue grievances against Plaintiff's employer for wrongful discipline, harassment, and non-payment of bonuses.

The following facts are taken from Plaintiff's Amended Complaint. Plaintiff has been a member of SPFPA for several years, and was employed by Inter-Con Security Systems ("Inter-Con") at all times relevant to this action. In 2011, Plaintiff's supervisor at Inter-Con gave him three "write-ups" based on the alleged sexual harassment of a fellow employee: one for violating

the company's sexual code of conduct, a second for misconduct, and a third for failure to perform his duties as a security officer. The supervisor also suspended Plaintiff for two days and made him ineligible for a quarterly bonus. On or about December 6, 2011, Plaintiff asked his union representative to file a grievance concerning the discipline he received. When nothing happened, he sent a letter to the President of Inter-Con stating his grievance against the company. On December 7, 2011, Plaintiff received a letter from SPFPA's attorney informing Plaintiff that only the union could file a grievance against the company. Plaintiff again asked his union representative to file a grievance for the unfair write-ups, but the union filed no such grievance. After waiting for several weeks, Plaintiff decided on or about January 7, 2012 to pursue this matter through a court action. Plaintiff claims that he was subsequently harassed by his supervisors without cause and was not awarded bonuses in 2012. He further claims that he complained to his union but received no assistance, and that his union representative would not return his phone calls and never filed a grievance for the non-payment of bonuses or for the continuous harassment.

Plaintiff filed this suit in the Circuit Court for Montgomery County, Maryland on or about February 21, 2013. The case was removed to this Court on April 18, 2013. Doc. No. 1. On April 25, SPFPA moved to dismiss Plaintiff's original Complaint on the grounds that he failed to file suit within six months of Defendant's alleged breach. Doc. No. 5 (citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983) (holding that there is a six-month statute of limitations for members' claims that a union breached its duty of fair representation)). Plaintiff opposed SPFPA's Motion, but relied on allegations from his Amended Complaint which was not filed with the Notice of Removal.[1] Doc. No. 9. Pursuant to the

---

[1] Defendant claims that it was not properly served with a copy of the Amended Complaint before it removed the case and filed its Motion to Dismiss Plaintiff's original Complaint. Doc. No. 15-1 at 2.

Court's Order, Plaintiff filed a copy of his Amended Complaint on July 3, 2013. Doc. No. 11. Because the Amended Complaint appeared to contain allegations regarding the union's conduct within the six-month limitations period, and because SPFPA never addressed any of those allegations, the Court denied SPFPA's Motion to Dismiss on July 30, 2013, and granted it fourteen days from the date of that Order to answer or otherwise respond to the Amended Complaint. Doc. No. 12. Defendant moved to dismissed Plaintiff's Amended Complaint on August 13, 2013 for failure to state a claim upon which relief can be granted. Doc. No. 15.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in

3

the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

"It is well established that unions, as exclusive bargaining agents in the negotiation, administration and enforcement of collective bargaining agreements, have an implicit duty 'to serve the interests of all members without hostility or discrimination toward any, to exercise their discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 657 (4th Cir. 2002) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). Thus, the National Labor Relations Act, as amended by the Labor Management Relations Act (LMRA), has been interpreted as imposing "a 'duty of fair representation' on labor unions, which a union breaches 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 271 (2009) (quoting *Marquez v. Screen Actors*, 525 U.S. 33, 44 (1998)).

Plaintiff brings this action under Section 301 of the LMRA, 29 U.S.C. § 185(a), claiming that SPFPA's failure to pursue his grievances against his employer was arbitrary and that the union acted in bad faith. *See, e.g.*, Doc. No. 15 ¶ 28; Doc. No. 18-2 at 4. "To be 'arbitrary,' a union's conduct toward its member must be so far outside a wide range of reasonableness that it

is wholly irrational." *Thompson*, 276 F.3d at 657 (citing *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 78 (1991)). "As long as a union does not arbitrarily ignore a meritorious grievance or handle it in a perfunctory manner, that union has not violated its duty of fair representation." *Thompson*, 276 F.3d at 658 (citing *Griffin v. Int'l Union*, 469 F.2d 181, 183 (4th Cir. 1972)). While the analysis of whether a union's conduct was arbitrary looks to the objective adequacy of its conduct, the analysis of bad faith "must focus on the subjective motivation of the union officials." *Thompson*, 276 F.3d at 658 (citing *Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238, 1241 (7th Cir. 1997)). Plaintiffs bringing "hybrid" claims of the type alleged here—which involve a claim both that the employer violated the collective bargaining agreement and that the union breached its duty of fair representation to the employee—must do so within six months of the union's alleged breach. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983).[2]

To the extent Plaintiff's claim is based on SPFPA's failure to file a grievance against Inter-Con based upon the disciplinary action that occurred in December 2011, Doc. No. 15 ¶¶ 8-16, that claim is clearly time-barred. Indeed, Plaintiff acknowledges being aware of the alleged breach on or about January 7, 2012, when he decided to pursue the matter through a court action. *Id.* ¶ 17. Furthermore, nothing in Plaintiff's Amended Complaint connects any of the allegations regarding the December 2011 disciplinary actions with any subsequent, alleged failures by the union to file grievances on his behalf. Accordingly, to allege a breach based on his employer's disciplinary action in December 2011, Plaintiff was required to file suit by no later than July 7,

---

[2] The parties agree that the six-month limitations period controls Plaintiff's cause of action in this case. Plaintiff's claim is a hybrid claim because he asserts that he was wrongfully disciplined, harassed, and denied bonuses by Inter-Con (in violation of the collective bargaining agreement) and that the union breached its duty of fair representation owed to Plaintiff. *See* Doc. No. 9-2 at 3. Although Plaintiff has only sued the union in this action, the analysis is the same. *See, e.g.*, *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1051-52 (10th Cir. 1995) (explaining that hybrid claims are inextricably interdependent regardless of whether the employee sues the employer, the union, or both).

5

2012. *See, e.g.*, *Armes v. CSX Transp. Inc.*, No. CCB-11-112, 2011 WL 2471476, at *3 (D. Md. June 20, 2011) (indicating that the six-month period begins to run when the employee knows or should have known about the breach). Because Plaintiff did not file until February 21, 2013, this claim is time-barred.

Plaintiff's remaining allegations concerning SPFPA's subsequent conduct fail to state a plausible claim that the union breached its duty of fair representation. Plaintiff alleges that he "continued to be harassed by his supervisors without cause"; he was not awarded bonuses "during 2012"; he complained to his union but received no assistance; and his union representative did not file any grievances for either the lack of bonuses or the harassment that occurred "continuously during 2012." Doc. No. 15 ¶¶ 18-22. Plaintiff also alleges that his union representative never returned his calls, and that he received no indication that the union ever filed a grievance based on any of "the harassing incidents throughout 2012." *Id.* ¶¶ 35-36.

A complaint alleging that a union breached its duty of fair representation "must contain more than conclusory statements alleging improper representation." *Smith v. Commc'ns Works of Am. (CWA) Dist. 2*, No. 12-cv-00027-AW, 2012 WL 6021506, at *5 (D. Md. Dec. 3, 2012) (quoting *Lusk v. E. Prods. Corp.*, 427 F.2d 705, 708 (4th Cir. 1970)) (dismissing complaint that was devoid of specific factual matter relating to the union's unlawful conduct). Plaintiff's Amended Complaint is utterly devoid of specific factual allegations concerning the nature of the harassment he suffered and the basis for his entitlement to bonuses. Plaintiff also fails to specify the timing of the harassing incidents and the timing and nature of any of his communications with the union or union representative. Without such specificity, Plaintiff has failed to plead the existence of any meritorious grievances and has failed to articulate how the union's handling of his grievances was arbitrary. Plaintiff's vague allegations also do not give rise to any inference

6

that the union acted with bad faith. Furthermore, Plaintiff's bald and imprecise allegations that the harassment was "continuous" or that it occurred throughout or during 2012 does not satisfy the Court that any breach occurred within six months of Plaintiff's initiation of this lawsuit.

Plaintiff's arguments in his opposition to SPFPA's Motion to Dismiss fare no better.[3] Plaintiff argues, *inter alia*, that each time he was denied a bonus, "it was because of some minor infraction"; he had "several other write-ups" in 2012 in which he was charged with "various infractions"; some of these infractions led to suspensions and non-payment of bonuses; and the union and union representative refused to help him despite multiple requests for assistance. Doc. No. 18-2 at 2, 4. Plaintiff does not explain why he failed to include these additional factual allegations in his Amended Complaint. Regardless, these vague allegations fail to specify the nature and timing of the infractions, discipline, and communications with the union. Plaintiff has not requested leave to amend, but the Court concludes that such amendment would be futile because Plaintiff has failed to demonstrate that he has any viable claim that the union breached its duty of fair representation and that the alleged breach occurred within six months of the filing of this lawsuit. Accordingly, Plaintiff's claims will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be GRANTED. A separate Order follows.

<u>September 16, 2013</u>                                             /s/
    Date                                         Alexander Williams, Jr.
                                                                    United States District Judge

---

[3] SPFPA argues that the Court should not consider Plaintiff's opposition brief because it was filed more than fourteen days from service of the Motion to Dismiss. Doc. No. 19 at 1. SPFPA cites Local Rule 105.2(a), which provides that memoranda in opposition to a motion shall be filed within fourteen days of service of the motion. Loc. R. 105.2(a) (D. Md. 2011). However, SPFPA fails to account for Rule 6(d) of the Federal Rules of Civil Procedure, which provides, *inter alia*, that three days are added to the time period specified in local rules when service is made electronically under Federal Rule 5(b)(2)(E). In this case, Plaintiff's August 29, 2013 filing was timely because it was made sixteen days after electronic service of SPFPA's Motion to Dismiss.